UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES B. JORDAN,<br>                    Plaintiff,<br><br>v.<br><br>DETECTIVE PLAFF,<br>                    Defendant. | Case No. 2:23-cv-02482-DOC (MAR)<br><br><br>ORDER CONSOLIDATING CASES AND DISMISSING COMPLAINTS WITH LEAVE TO FILE ONE AMENDED COMPLAINT |

## I.

## INTRODUCTION

On April 03, 2023, James B. Jordan ("Plaintiff"), proceeding in forma pauperis ("IFP") and pro se, filed two (2) Complaints in the Central District of California, each arising out of the same alleged conduct against different Defendants. See James B. Jordan v. Los Angeles County Sheriffs et al, Case No. 2:23-cv-02480-DOC (MAR) ("No. 2480"), Dkt. 1; James B. Jordan v. Plaff, Case No. 2:23-cv-02482-DOC (MAR) ("No. 2482"), Dkt. 1. On April 12, 2023, the Court issued an Initial Civil Rights Case Order in each case, notifying Plaintiff that the Court was screening the Complaints pursuant to 28 U.S.C. 1915(e)(2). Dkt. 6 at 1. After reviewing the Complaints, the Court notes that the claims brought in both Complaints arise from the same factual allegations—law enforcement allegedly retaliating against Plaintiff for a 2012 lawsuit he filed against Los Angeles County. Therefore, the Court finds that all parties and the Court would be best served by the consolidation of the two (2) cases.

The consolidated case shall be entitled "James B. Jordan v. Los Angeles County Sheriffs et al" and shall bear the case number of the earliest filed case: 2:23-cv-02480-DOC (MAR). After filing this order in each case, the Clerk of Court is ordered to

1    close the file on the other case, No. 2:23-cv-02482-DOC (MAR), and terminate any

2    pending motions therein.  All future filings by Plaintiff with respect to the above-

3    entitled cases shall be in the consolidated case file.

4         Furthermore, for the reasons discussed below, both Complaints suffer from

5    pleading deficiencies.  Accordingly, the Court will dismiss both Complaints and give

6    Plaintiff leave to amend in one (1) consolidated complaint.  If Plaintiff chooses to file

7    an amended complaint, Plaintiff should file just one (1) First Amended Complaint

8    containing all claims and defendants from Nos. 2480 and 2482; Plaintiff shall file this

9    First Amended Complaint under the case number 2:23-cv-02480-DOC (MAR).

10                                              **II.**

11                            **<u>SUMMARY OF COMPLAINTS</u>**

12        In his Complaints, Plaintiff alleges that Detective Plaff of the Los Angeles

13   Police Department ("LAPD"), Deputy Watson, a deputy at Stanley Mosk Court, and

14   the Los Angeles Sheriff's Department ("LASD") violated his civil rights.  No. 2480,

15   Dkt. 1 at 2; No. 2482, Dkt. 1 at 2.

16        Specifically, Plaintiff alleges as follows:

17        Around 2012, Plaintiff, was working for Los Angeles County Child Protective

18   Services and filed a lawsuit against Los Angeles County.  No. 2480, Dkt. 1 at 5; No.

19   2482, Dkt 1 at 4–5.  Defendants, in apparent retaliation, harassed Plaintiff by

20   continuously following, pulling over, ticketing, arresting, and detaining Plaintiff, as

21   well as by impounding Plaintiff's car.  No. 2480, Dkt. 1 at 4; No. 2482, Dkt 1 at 5, 7.

22   Defendants have also implanted in Plaintiff a "brain computer interface" that

23   "terrorizes him 24/7."  No. 2480, Dkt. 1 at 4; No. 2482, Dkt 1 at 6, 8.  Plaintiff has

24   also been the victim of a cyber attack and is being spied on.  No. 2480, Dkt. 1 at 4;

25   No. 2482, Dkt 1 at 6–7.  Plaintiff has gone to "100s of doctors" for his symptoms but

26   the "illegal law enforcement system is hard to prove."  No. 2480, Dkt. 1 at 4; No.

27   2482, Dkt 1 at 7.  Law enforcement have told Plaintiff that the harassment will

28   continue so that Plaintiff continues to look crazy.  No. 2480, Dkt. 1 at 5.

1  Plaintiff requests relief totaling $23,000,000 and injunctive relief in the form of

2  removal of the brain computer.  No. 2480, Dkt 1 at 8; No. 2482, Dkt 1 at 8.

3  ### III.

4  ### **STANDARD OF REVIEW**

5  Where a plaintiff proceeds in forma pauperis, a court must screen the

6  complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it

7  concludes the action is frivolous or malicious, fails to state a claim on which relief may

8  be granted, or seeks monetary relief against a defendant who is immune from such

9  relief.  28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194

10  (9th Cir. 1998).

11  Dismissal for failure to state a claim can be warranted based on either a lack of

12  a cognizable legal theory or the absence of factual support for a cognizable legal

13  theory.  See, e.g., Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104

14  (9th Cir. 2008).  A complaint may also be dismissed for failure to state a claim if it

15  discloses some fact or complete defense that will necessarily defeat the claim.

16  Franklin v. Murphy, 745 F.2d 1221, 1228–29 (9th Cir. 1984), abrogated on other

17  grounds by Neitzke v. Williams, 490 U.S. 319 (1989).  Although the plaintiff must

18  provide "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S.

19  544, 555 (2007), "[s]pecific facts are not necessary; the [complaint] need only give the

20  defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."

21  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and quotation marks

22  omitted).

23  In considering whether a complaint states a claim, a court must accept as true

24  all the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892–93

25  (9th Cir. 2011).  However, a court need not accept as true "allegations that are merely

26  conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re

27  Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  The court must also

28  construe the pleading in the light most favorable to the pleading party and resolve all

3

1   doubts in the pleader's favor.  See, e.g., Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir.

2   2005).  Pro se pleadings are "to be liberally construed" and are held to a less stringent

3   standard than those drafted by a lawyer.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.

4   2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not

5   alter courts' treatment of pro se filings; accordingly, we continue to construe pro se

6   filings liberally when evaluating them under Iqbal.").

**III.**

**DISCUSSION**

**A.   MULTIPLE FILINGS ALLEGING NEW FACTS ARE NOT PART OF THE COMPLAINTS**

**1.   Applicable Law**

Plaintiff's numerous filings and piecemeal efforts to amend or supplement his Complaints violate both Federal Rule of Civil Procedure 8 ("Rule 8") and Local Rule 15-2 ("L.R. 15-2").  Rule 8 requires that a pleading contain "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Further, L.R. 15-2 prohibits piecemeal amendments.  L.R. 15-2. ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits.  The amended pleading shall not refer to the prior, superseded pleading.")

**2.   Analysis**

Here, since the Court's initial screening orders, Plaintiff has filed with the Court twenty (20) additional filings on Case No. 2480 and eight (8) additional filings on Case No. 2482.  These filings not only attempt to provide more facts to substantiate Plaintiff's claims in his Complaints, but they also appear to add additional allegations and Defendants.

Per Rule 8 and L.R. 15-2, "the Court will not piecemeal Plaintiff's Complaints together from his copious filings.  Plaintiff's operative complaint must contain all

claims, Defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit." See Kincade v. Dzurenda, No. 2:19-CV-02171-KLD-NJK, 2020 WL 7481786, at 1 (D. Nev. Dec. 18, 2020).  As such, in screening the Complaints, the Court has only considered Defendants and allegations set forth by the operative Complaints for Case Nos. 2480 and 2482.

## B.   THE COMPLAINTS FAIL TO COMPLY WITH RULE 8 OR TO STATE A RETALIATION CLAIM

### 1.   Applicable law

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought."  Fed. R. Civ. P. 8.  Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  See Twombly, 550 U.S. at 555 n.3.  "[T]he 'short and plain statement' [required by Rule 8] must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

A court may dismiss a complaint because it is unintelligible or frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke, 490 U.S. at 325.  Further, Rule 8 requires that a complaint clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss."  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131–32 (9th Cir. 2008); Conley, 355 U.S. at 47.

To comply with Rule 8, a plaintiff must link each defendant to specific instances of unlawful conduct.  See Est. of Bock ex rel. Bock v. Cnty. of Sutter, No. 2:11-CV-00536-MCE, 2012 WL 423704, at *6 (E.D. Cal. Feb. 8, 2012).  Where a plaintiff sues multiple defendants, "[s]pecific identification of the parties to the activities alleged by [a plaintiff] is required . . . to enable the defendant to plead intelligently."  Sherrell v. Bank of Am., N.A., No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011) (internal quotations omitted).  If

5

the complaint does not specify which conduct is attributable to which defendant, it is subject to dismissal.  See id.  (dismissing complaint where it "lack[ed] cognizable facts of defendants' purported wrongdoing to provide fair notice as to what each defendant is to defend.").

Finally, "[t]o state a First Amendment retaliation claim, a plaintiff must plausibly allege that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct."  Capp v. Cty. of San Diego, 940 F.3d 1046, 1053 (9th Cir. 2019) (internal quotation marks omitted) (internal citations omitted).  The First Amendment guarantees the right "to petition the Government for a redress of grievances."  White v. Lee, 227 F.3d 1214, 1227 (9th Cir. 2000).

### 2.   Analysis

#### a.   Claim of harassment

Here, Plaintiff claims that Defendants retaliated against him for filing a lawsuit against Los Angeles County in 2012.  No. 2480, Dkt. 1 at 4; No. 2482, Dkt 1 at 5. Plaintiff has sufficiently pled the first element of a retaliation claim—that he was engaged in the constitutionally protected activity of filing a lawsuit.  However, Plaintiff's Complaints then fail to: (1) identify what specific action any specific Defendant has taken to produce a chilling effect; or (2) set forth any facts that would show these actions were motivated by retaliation.

Plaintiff asserts defendants have continuously followed him, pulled him over, ticketed him, arrested him, detained him, and impounded his car.  No. 2480, Dkt. 1 at 4; No. 2482, Dkt 1 at 5, 7.  However, he provides no facts in his Complaints about any particular instance of this harassment.  Plaintiff makes the conclusory allegation that he has been harassed, but does not specify whether these events have occurred once or a thousand times since 2012.  Plaintiff provides no details about when these events occurred, which Defendants did these things and when, or any other specific

1  facts that would provide the Defendants or the Court sufficient notice of his claims.

2  Ultimately, Plaintiff makes identical, general accusations against the LAPD and the

3  LASD but does not assert that any specific Defendant, individual or entity, took any

4  specific harassing action.  As such, Plaintiff fails to state a First Amendment

5  retaliation claim.

6             **b.**    **Claim of harassment by brain computer**

7        Plaintiff also spends a considerable amount of his Complaints alleging that, in

8  retaliation for his 2012 lawsuit, Defendants have implanted a "brain computer

9  interface" that "terrorizes him 24/7."  No. 2480, Dkt. 1 at 4; No. 2482, Dkt 1 at 6, 8.

10  Plaintiff alleges that the LAPD have been able to do this through the LASER unit[1]—

11  which Plaintiff claims also works with the LASD.  No. 2482, Dkt. 1 at 4.

12  Additionally, Plaintiff alleges he has gone to "100s of doctors" for his symptoms but

13  the "illegal law enforcement system is hard to prove."  No. 2480, Dkt. 1 at 4; No.

14  2482, Dkt 1 at 7.

15        Plaintiff's factual allegations about the brain computer are often incoherent and

16  overall "wholly incredible," rendering this claim subject to dismissal as frivolous.  See

17  Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is

18  appropriate when the facts alleged rise to the level of the irrational or the wholly

19  incredible[.]").  Indeed, this Court cannot exercise subject matter jurisdiction over

20  frivolous claims.  Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) ("Over the years,

21  this Court has repeatedly held that the federal courts are without power to entertain

22  claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial

23  as to be absolutely devoid of merit.'") (quoting Newburyport Water Co. v.

24  Newburyport, 193 U.S. 561, 579 (1904)).

25  

26  [1] LASER stands for "Los Angeles Strategic Extraction and Restoration" and was a program
designed to compile police field interactions into a computer system algorithm that would then

27  identify chronic offenders.  The program was discontinued in 2019 over concerns that it unfairly
targeted minority communities.  Mark Puente, LAPD ends another data-driven crime program

28  touted to target violent offenders, Los Angeles Times (April 12, 2019, 4:48 PM),
https://www.latimes.com/local/lanow/la-me-laser-lapd-crime-data-program-20190412-story.html.

1    In any case, to the extent Plaintiff is asking this Court to investigate this claim

2    on his behalf, this is not within the purview of relief this Court can provide.  See

3    Jackson v. Lewis, No. C 10-5488 RS (PR), 2011 WL 62429, at *1 (N.D. Cal. Jan. 7,

4    2011) ("The Court does not conduct investigations.  In order to seek judicial relief for

5    his grievances, Plaintiff must file a complaint that provides specific detailed factual

6    matter describing his allegations against defendants for their alleged violation of his

7    federal constitutional rights."); see also Melger v. Obama, No. 2:16-cv-1527 AC P,

8    2017 WL 1213363, at *2 n.1 (E.D. Cal. Mar. 31, 2017) ("The court also notes that it

9    does not conduct investigations and plaintiff's request that the court investigate these

10   individuals and their harassment is not a proper request for relief."); Fiore v. Benfield,

11   No. 1:15CV271, 2015 WL 5511156, at *2 (M.D. N.C. Sept. 16, 2015) ("Plaintiff also

12   seeks an investigation of the Defendants . . . . However, the Court does not conduct

13   investigations, and investigations are not an obtainable form of relief in a civil

14   lawsuit.").

15        **3.    Amending complaint**

16        Ultimately, unclear pleadings, like the Complaints here, that "leav[e] it to the

17   Court to figure out what the full array of [Plaintiff's] claim is and upon what federal

18   law, and upon what facts, each claim is based," are subject to dismissal.  Little v. Baca,

19   No. CV 13-0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013).  Here,

20   Plaintiff's Complaints are filled with conclusory allegations and too sparse of specific

21   facts for the Court and thus Defendants to determine the factual basis for his claims.

22   Thus, the Complaints are subject to dismissal for failure to comply with Rule 8.  See

23   McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

24        If Plaintiff chooses to file an amended complaint, for each claim, the complaint

25   should be limited to include only the following information:

26        (1) the constitutional right that Plaintiff believes was violated;

27        (2) the name of the Defendant(s), individual or entities, who violated the

28             right;

1    (3) exactly what the Defendant(s) did or failed to do, with as much detail

2         as possible;

3    (4) how the action or inaction of the Defendant(s) is connected to the

4         violation of Plaintiff's constitutional right; and

5    (5) what specific injury Plaintiff suffered because of the Defendant(s)'

6         conduct.

7    See Tucker v. Stewart, 72 F. App'x 597, 598 (9th Cir. 2003) (denying plaintiff's claims

8    for failing to satisfy Rule 8 where he failed to allege these elements as instructed by

9    the district court).

10   **C.    THE COMPLAINTS FAIL TO ALLEGE OFFICIAL CAPACITY**

11   **CLAIMS AGAINST INDIVIDUAL DEFENDANTS**

12        **1.    Applicable law**

13        Neither the state nor its officials acting in their official capacity are "persons"

14   within the meaning of 42 U.S.C. § 1983 because official-capacity defendants assume

15   "the identity of the government that employs them."  Hafer v. Melo, 502 U.S. 21, 21

16   (1991) (internal quotation marks omitted) (citing Will v. Michigan Dep't of State

17   Police, 491 U.S. 58, 71 (1989)).  An "official capacity suit is, in all respects other than

18   name, to be treated as a suit against the entity . . . [such a suit] is not a suit against the

19   official personally, for the real party in interest is the entity."  Kentucky v. Graham,

20   473 U.S. 159, 165–66 (1985) (citations and internal quotation marks omitted).

21        To state a cognizable section 1983 claim against a municipality or local

22   government officer in his or her official capacity, a plaintiff must show the alleged

23   constitutional violation was committed "pursuant to a formal governmental policy or

24   a longstanding practice or custom which constitutes the standard operating

25   procedure" of the local governmental entity.  Gillette v. Delmore, 979 F.2d 1342,

26   1346 (9th Cir. 1992) (citations and internal quotation marks omitted).  A plaintiff must

27   show the policy, practice, or custom was: "(1) the cause in fact and (2) the proximate

28   cause of the constitutional deprivation."  Trevino v. Gates, 99 F.3d 911, 918 (9th Cir.

1    1996).  Proof of random acts or isolated events is insufficient to establish a custom or

2    practice.  <u>Thompson v. City of L.A.</u>, 885 F.2d 1439, 1444 (9th Cir. 1989).  Rather, a

3    plaintiff must prove widespread, systematic constitutional violations which have

4    become the force of law.  <u>Board of Cty. Comm'rs of Bryan Cty. v. Brown</u>, 520 U.S.

5    397, 404 (1997).

6         **2.    Analysis**

7         Here, Plaintiff is suing the Defendants Watson and Plaff in only their official

8    capacities.  No. 2480, Dkt. 1 at 2; No. 2482, Dkt. 1 at 2.  Such claims may be properly

9    brought against the responsible Defendants in their official capacity only if Plaintiff

10   can show widespread, systematic constitutional violations that have become the force

11   of law or a formal governmental policy pursuant to which the Defendants acted that

12   deprived Plaintiff of his rights.  <u>See</u> <u>Brown</u>, 520 U.S. at 404; <u>Gillette</u>, 979 F.2d at 1346.

13   However, as discussed above, the Complaints do not allege that the two (2) individual

14   Defendants took any specific action at all, let alone any action pursuant to a

15   widespread practice or policy.  Accordingly, Plaintiff's official capacity claims as to

16   Defendants Watson and Plaff are subject to dismissal.

17        If Plaintiff chooses to file a First Amended Complaint, he must either identify

18   widespread, systematic constitutional violations that have become the force of law, or

19   a formal governmental policy pursuant to which the named Defendants specifically

20   acted, and identify the actions these specific Defendants took.  Alternatively, he may

21   bring his claims against Defendants Watson and Plaff in their individual capacities

22   only, for their individual acts or omissions that allegedly deprived Plaintiff of his

23   constitutional rights.  <u>See</u> <u>Pena v. Gardner</u>, 976 F.2d 469, 472 (9th Cir. 1992) (holding

24   that Eleventh Amendment barred official capacity § 1983 claims, but not personal

25   capacity claims).

26   ///

27   ///

28   ///

**D.      COMPLAINTS FAIL TO ALLEGE OFFICIAL CAPACITY CLAIMS AGAINST AN ENTITY**

### 1.      Applicable Law

Municipalities and other local government units are considered "persons" under § 1983 and therefore may be liable for causing a constitutional deprivation. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690–91 (1978); Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  However, because no respondeat superior liability exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom.  Monell, 436 U.S. at 694; City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).  Thus, to state a cognizable § 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure" of the local governmental entity.  Gillette, 979 F.2d at 1346 (citations and internal quotation marks omitted).

Still, "[t]he existence of a policy without more, is insufficient to trigger local government liability under section 1983."  Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992).  A plaintiff must show that the policy, practice, or custom was: "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation."  Trevino, 99 F.3d at 918.  Proof of random acts or isolated events is insufficient to establish a custom or practice.  Thompson, 885 F.2d at 1444.  Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law.  Brown, 520 U.S. at 404.

In addition, these Monell claims must be pled with specificity.  Garcia v. City of Glendale, No. CV 21-00893-MCS (JDE), 2022 WL 1651467, at *3 (C.D. Cal. May 5, 2022), report and recommendation adopted, 2022 WL 1642795 (C.D. Cal. May 24, 2022) (citations and quotations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### 2.    Analysis

Plaintiff names the LASD and LAPD as Defendants.  For any municipal liability claim, Plaintiff must explain how the specific constitutional violation was committed pursuant to a policy, custom, or practice of the municipal entity and how the policy, custom, or practice directly caused the violation.  As with the official capacity claims against the individual defendants, claims against the LASD and LAPD may be properly brought against the responsible local government entities only if Plaintiff can show widespread, systematic constitutional violations that have become the force of law or formal governmental policy pursuant to which Defendants acted.  See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346.

Here, Plaintiff alleges organization-wide harassment by the LAPD and LASD.  Plaintiff may be able to show that the LAPD and LASD are liable for promoting an unconstitutional custom or policy if, as explained above, Plaintiff articulates specific facts about when he was harassed, how he was harassed, who harassed him, and other details of specific interactions.  Plaintiff need not explain every interaction in detail; however, it is his burden to provide enough detail to show the Court that Defendants took specific actions that would demonstrate a pattern of harassment so prevalent that it can rise to the level of a practice or custom.  See Brown, 520 U.S. at 404.  As pled, the Complaints do not clearly allege any such widespread practice, and thus Plaintiff's claims against LAPD and LASD are subject to dismissal.

## V.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaints are subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT by July 31, 2023**, Plaintiff must choose one (1) of the following three (3) options:

1.       Plaintiff may file an amended complaint to attempt to cure the deficiencies discussed above.  Plaintiff should file just one (1) First Amended Complaint listing any and all Defendants and facts related to his retaliation claims, under the consolidated case number: 2:23-cv-02480-DOC (MAR).  **<u>The Clerk of Court is instructed to mail Plaintiff a blank Central District civil rights complaint form to use for filing an amended complaint, which the Court encourages Plaintiff to use.  The Clerk of Court is also directed to mail Plaintiff a copy of the Complaints, 2:23-cv-02480-DOC (MAR), Dkt. 1; 2:23-cv-02482-DOC (MAR), Dkt. 1, for reference.</u>**

If Plaintiff chooses to file an amended complaint, Plaintiff is advised that doing so would entirely replace the Complaints in this action.  In addition, any amended complaint must:

(a)    be labeled "First Amended Complaint";

(b)    be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all the claims on which Plaintiff seeks to proceed, (see Local Rule 15-2);

(c)    contain a "short plain" statement of the claim(s) for relief, see Fed. R. Civ. P. 8(a) and identify whether Plaintiff is suing each Defendant in their individual and/or official capacity;

(d)    make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);

(e)    make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);

(f)    set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each Defendant did and how each specific Defendant's conduct injured Plaintiff; and

1    (g)   not add Defendants or claims without leave of Court.

2    2.    Alternatively, Plaintiff may file a notice with the Court that they intend
to stand on the allegations in his Complaints.  If Plaintiff chooses to stand on the
Complaints despite the deficiencies in the claims identified above, then the Court will
submit a recommendation to the assigned district judge **that the Complaints be
dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at
that time to file Objections with the district judge as provided in the Local Rules
Governing Duties of Magistrate Judges.

3.    Finally, Plaintiff may voluntarily dismiss the action without prejudice,
pursuant to Federal Rule of Civil Procedure 41(a).  <u>**The Clerk of Court is directed
to mail Plaintiff a blank Notice of Dismissal Form, which the Court
encourages Plaintiff to use if they choose to voluntarily dismiss the action.**</u>

**Plaintiff is explicitly cautioned that failure to timely file an amended
complaint may result in this action being dismissed with prejudice for failure
to state a claim, or for failure to prosecute and/or obey Court orders pursuant
to Federal Rule of Civil Procedure 41(b).**

## VI.

## <u>ORDER</u>

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1)   The Case Nos. 2:23-cv-02480-DOC (MAR) and 2:23-cv-02482-
DOC (MAR) are hereby **CONSOLIDATED**.  The consolidated
case shall be entitled <u>James B. Jordan v. Los Angeles County
Sheriffs et al</u>, and shall bear the case number of the earliest filed
case: 2:23-cv-02480-DOC (MAR).  **After filing this order in each
case, the Clerk of the Court is ordered to close the file on the
other case, No. 2:23-cv-02482-DOC (MAR), and terminate
any pending motions therein.**  All future filings by Plaintiff with

14

respect to the above-entitled cases shall be in the consolidated case file.

(2)   Plaintiff's Complaints are **DISMISSED** without prejudice with leave to amend.

(3)   Plaintiff shall file one (1) **AMENDED COMPLAINT** within thirty days from the date this order is filed to cure the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order (<u>James B. Jordan v. Los Angeles County Sheriffs et al</u>, No. 2:23-cv-02480-DOC (MAR)) and the words **FIRST AMENDED COMPLAINT** on the first page.   Plaintiff may not incorporate material from the prior complaints or any of his subsequent filings by reference.  Failure to file an amended complaint within thirty days and in accordance with this order with result in dismissal of these claims.

(4)   Plaintiff's Requests to expediate screening, No. 2:23-cv-02480-DOC (MAR), Dkt. 26 and No. 2:23-cv-02482-DOC-MAR (MAR), Dkt. 14 are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  June 30, 2023

_____
HONORABLE MARGO A. ROCCONI
United States Magistrate Judge